IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION


KEYA TURNER                                                              PLAINTIFF


V.                            NO. 3:15CV00093 JLH


CITY OF WEST MEMPHIS                                                     DEFENDANT


CITY'S BRIEF IN SUPPORT OF
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Comes the Defendant, City of West Memphis, by and through undersigned counsel and for

its Brief in Support of Motion for Partial Judgment on the Pleadings, states:

I.        INTRODUCTION

Plaintiff brings suit against the City of West Memphis, Arkansas, pursuant to Title VII, the

Arkansas Civil Rights Act (ACRA), and Arkansas common law. Plaintiff's third count alleges

negligence by the City in hiring, retention, supervision, and training. Plaintiff requests various

relief in this action including but not limited to punitive damages. While Defendant denies

Plaintiff's allegations of wrongdoing, under any scenario Plaintiff would not be entitled to punitive

damages against the City and, thus, pursuant to Fed. R. Civ. P. 10(c), the City moves this Court to

dismiss that requested relief from the complaint of this matter.

II.       STANDARD OF REVIEW

Fed. R. Civ. P. 12(c) provides:

> After the pleadings are closed but within such time as not to delay the
> trial, any party may move for judgment on the pleadings.  If, on a
> motion for judgment on the pleadings, matters outside the pleadings are
> presented to and not excluded by the court, the motion shall be treated
> as one for summary judgment and disposed of as provided in Rule 56,

and all parties shall be given reasonable opportunity to present all
material made pertinent to such a motion by Rule 56.

Rule 12(c) motions should be reviewed under the same standards that govern Fed. R. Civ.

P. 12(b)(6) motions.  *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990); *St. Paul*

*Ramsey Cty. Med. Ctr. v. Pennington Cty.*, 857 F.2d 1185, 1187 (8th Cir. 1988). "Meritless claims

should be disposed of at the first opportunity."  *Hunsgate v. United States*, 626 F. 2d. 60 (8th Cir.

1980). For purposes of the motion only, the court is to assume that well-pled factual allegations in

the complaint are true, but should not blindly accept the legal conclusions drawn by the pleader

from the facts.  *Westcott*, 901 F.2d at 1488; *St. Paul*, 857 F.2d at 1187-88.  However, the allegations

of the Plaintiff should not be deemed admitted for any other purpose.

II.     DISCUSSION

    A.     Cities are immune from punitive damages under 42 U.S.C. § 1983 and such
immunity should extend to Plaintiff's claims under Section 1981 and
ACRA.

Here, punitive damages are not available against the City under Section 1983 and should

not be available under the Arkansas Civil Rights Act. First, ACRA explicitly looks to federal law

to resolve unanswered questions of state constitutional jurisprudence and the statute says federal

cases are persuasive (Ark. Code Ann. § 16-123-105(c)); federal law disallows punitive damages

against a City as is discussed herein. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

The only possible claim Plaintiff could make under the ACRA is under Ark. Code Ann. §

16-123-105. The definition section does not include any information indicating the state legislature

intended for punitive damages to be a remedy against *any* defendant under 16-123-105. Ark. Code

Ann. § 16-123-102. But also, considering federal decisions are persuasive, and considering *Fact*

*Concerts, Inc*. and the policies against punitive damages against a government noted therein,

Plaintiff's request for punitive damages—to the extent she premises the request under the ACRA—should be denied and that claim for relief dismissed with prejudice.

There is no contrary state case that undersigned counsel has found which holds punitive damages are available under the right circumstances against a City, under the ACRA. The policy considerations underlying *Fact Concerts* which prohibit punitive damages to be assessed against a City are no less applicable when a claim is brought under ACRA. In *Fact Concerts,* the Court noted that it would be unfair to allow punitive damages to be assessed against all taxpayers when the punishment actually would be aimed at the alleged wrongful acts of city officials or employees. There, the Court said:

> Whatever its weight, the retributive purpose is not significantly advanced, if it is advanced at all, by exposing municipalities to punitive damages.
>
> . . .
>
> Under this expanded liability, municipalities and other units of state and local government face the possibility of having to assure compensation for persons harmed by abuses of governmental authority covering a large range of activity in everyday life. To add the burden of exposure for the malicious conduct of individual government employees may create a serious risk to the financial integrity of these governmental entities.

*Fact Concerts*, 453 U.S. at 268, 270.  Thus, for legitimate public policy reasons, the Court found that a Plaintiff cannot validly assert a claim for punitive damages against a City. The same public policy considerations are present when such a claim is brought under our State's civil rights act. Finally, given the Plaintiff alleges negligence at most against City officials—for which they enjoy immunity—her own complaint fails to allege facts that, even if theoretically available, would justify such damages against the City and, in effect, the City's taxpayers in this case. Thus, the City is entitled to dismissal of the claim for punitive damages against it.

B.      The City is immune from punitive damages under Title VII.

Courts in our Circuit—as well as many other circuits—have held that municipalities are entitled to immunity from punitive damages under Title VII. *Jones v. City of St. Louis*, 2012 WL 5351744, \*2 (E.D. Mo. 2012) (citing *Spinks v. City of St. Louis Water Div.*, 176 F.R.D. 572, 574 (E.D. Mo. 1997)). Indeed, the statute itself makes this clear.

(1) Determination of punitive damages
A complaining party may recover punitive damages under this section against a respondent (***other than a government, government agency or political subdivision***) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. § 1981a(b)(1) (emphasis added).

Therefore, there is no basis for Plaintiff's prayer for punitive damages in this case and such requested relief should be summarily dismissed with prejudice.

C.      The City is entitled to judgment as a matter of law on Plaintiff's Negligent hiring, retention, supervision, and training claim.

Plaintiff has pled Title VII, the ACRA, and Arkansas common law. The only reference to common law is Plaintiff's attempt to sue the City for negligence in hiring, retention, supervision, and training. However, the law is and has been clear for decades that cities are immune from state law claims of negligence. Ark. Code Ann. § 21-9-301. *Davis v. Fulton County, Ark.*, 884 F.Supp. 1245, 1261 (E.D. Ark. 1995). Consequently, Plaintiff's claims of negligence against the City of West Memphis must be dismissed with prejudice.

*Conclusion*

The City's motion should be granted and Plaintiff's state law claims and request for punitive damages should be dismissed with prejudice.

WHEREFORE, Defendant respectfully requests the Court grant the instant motion and for all other just and proper relief to which there is entitlement.

Respectfully Submitted,

City of West Memphis
**DEFENDANT**

BY:     /s/ Michael Mosley
            Michael Mosley, Ark. Bar No. 2002099
            Attorney for Defendant
            Post Office Box 38
            North Little Rock, AR  72115
            TELEPHONE:  (501) 978-6131
            FACSIMILE:  (501) 978-6561
            EMAIL: mmosley@arml.org

## CERTFICATE OF SERVICE

I, Michael Mosley, hereby certify that on November 24, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Andre B. Mathis
Glankler Brown, PLLC
amathis@glanker.com

/s/ Michael Mosley
Michael Mosley, Ark. Bar No. 2002099