## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**KEYA TURNER,**

> **Plaintiffs,**

**v.**                                                    **No. 3:15-cv-00093-JLH**
                                                          **JURY TRIAL DEMANDED**

**CITY OF WEST MEMPHIS,**

> **Defendant.**

## PLAINTIFF KEYA TURNER'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

**COMES NOW**, Plaintiff, Keya Turner ("Turner"), and submits her memorandum of law in opposition to Defendant's Motion for Partial Judgment on the Pleadings (D.E. #16-17).

### INTRODUCTION AND FACTUAL BACKGROUND

This Court should deny Defendant's Motion for Partial Judgment on the Pleadings with regard to Turner's negligent hiring, training, supervision and retention claim. Turner concedes that her punitive damages claims against Defendant should be dismissed.

Turner filed this lawsuit because she was being sexually harassed by one of her superiors. After complaining about the sexual harassment and filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Defendant began retaliating against her.

As stated in her Complaint, Turner began working as a driver in Defendant's sanitation department in 2011. (D.E. #1, ¶¶ 7, 9). Leroy Turner ("Mr. Turner") is the superintendent of Defendant's sanitation department, and Arthur Jackson ("Jackson") is the assistant

superintendent.  (Id. at ¶¶ 10-11).  Jackson is Turner's direct supervisor.  (Id. at ¶ 11).  Turner

has been sexually harassed by Mr. Turner throughout her time working for Defendant.  (Id. at ¶

12).  For instance, early in Turner's employment, Mr. Turner advised Turner was not doing her

job even though she timely completed her routes and satisfied her job requirements.  (Id. at ¶ 13).

Mr. Turner informed Turner that he did not hire her to do those things, he hired her for himself.

(Id.).  On another occasion, Mr. Turner summoned Turner to the front office where he hugged

and kissed Turner on the lips.  (Id. at ¶ 14).  Mr. Turner also told Turner that he was going to

rape her and made other sexual comments to Turner on a regular basis.  (Id. at ¶ 17).

Turner reported Mr. Turner's actions to her direct supervisor, Jackson.  (Id. at ¶ 15).

Turner tried to avoid Mr. Turner at all costs by remaining in her work truck during breaks.  (Id.

at ¶ 18).  Mr. Turner then changed the work rules to prohibit employees from remaining in their

work trucks when taking breaks.  (Id. at ¶ 19).  In May and June 2014, Mr. Turner sat in Turner's

lap and kissed her in the presence of other employees in the break room of the sanitation

department.  (Id. at ¶¶ 21-22).

While Mr. Turner was away on vacation, Turner went to the EEOC and filed Charge of

Discrimination for sexual harassment against Defendant on June 16, 2014.   (Id., Ex. 1).

Approximately one month after Turner filed her Charge of Discrimination, she was disciplined

for using profanity, even though other employees used profanity and had not been disciplined.

(Id. at ¶ 27).  In August 2014, Turner was disciplined yet again, this time for tearing up a piece of

paper.  (Id. at ¶ 28).  Notably, Turner had not received any discipline in the nearly three years of

employment with Defendant prior to her filing her Charge of Discrimination.  (Id. at ¶ 29).

In her Complaint, Turner brought claims for sexual harassment under Title VII of the

Civil Rights Act of 1964, as amended, and the Arkansas Civil Rights Act of 1993.  (Id. at ¶¶ 32-

35).  Turner also brought a claim for negligent hiring, training, supervision and retention related to Mr. Turner and Jackson because they completely disregarded their duties as supervisors to report and remedy sexual harassment and take sexual harassment complaint seriously.  (Id. at ¶¶ 36-38).

## LAW AND ARGUMENT

### I.  Standard of Review.

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is appropriate when there are no material issues of fact to be resolved and the movant is entitled to judgment as a matter of law.  *Faibisch v. University of Minn.,* 304 F.3d 797, 803 (8th Cir. 2002).  The same standard of review for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) governs a motion for judgment on the pleadings under Rule 12(c).  *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990).  To survive a motion to dismiss, a complaint must contain "enough facts to state a claim of relief plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).  In considering the motion for judgment on the pleadings, all facts pleaded by the non-moving party are accepted as true and all reasonable inferences from the pleadings are granted in favor of the non-moving party.  *Syverson v. FirePond, Inc.,* 383 F.3d 745, 749 (8th Cir. 2004).

### II.  Turner has Pled a Viable Negligent Hiring, Training, Supervision and Retention Claim.

Defendant contends that Turner's negligent hiring, training, supervision and retention claim should be dismissed as a matter of law because municipalities are immune from state law claims of negligence pursuant to Ark. Code Ann. § 21-9-301.  There is, however, an exception to this general prohibition against bringing negligence claims against municipalities.  In *Gentry v. Robinson*, 361 S.W.3d 788 (Ark. 2009), the Arkansas Supreme Court opined that "in the context

of an alleged civil-rights violation stemming from a municipal government's purported negligent hiring of an employee, a plaintiff must show that the municipality acted with deliberate indifference" to proceed with such claim.  *Id.* at 794.  "Deliberate indifference has been defined as 'something more than gross negligence, yet less than acting with the purpose to induce harm.'"  *Id.* (quoting *Grayson v. Ross*, 253 S.W.3d 428, 431 (Ark. 2007)).

It is clear that Turner's negligent hiring, training, supervision and retention claim arises in the context of a civil rights violation, as the claim is premised on Turner being sexually harassed by Mr. Turner and reporting such harassment to Jackson without any further actions being taken to prevent the sexual harassment.  Thereafter, Turner was retaliated against when she filed a Charge of Discrimination with the EEOC.  Furthermore, the actions by Jackson and Mr. Turner exceed gross negligence.  Just like in *Gentry*, Turner's negligent hiring, training, supervision and retention claim arises from a violation of the Arkansas Civil Rights Act of 1993.

Thus, Turner has sufficiently pled a negligent hiring, training, supervision and retention claim that should survive Defendant's Motion for Partial Judgment on the Pleadings.

### CONCLUSION

For the foregoing reasons, Turner respectfully request that the Court deny, in part, Defendant's Motion for Partial Judgment on the Pleadings.

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By:      /s/ Andre B. Mathis
          Andre B. Mathis (#2013123)

6000 Poplar Avenue, Suite 400
Memphis, Tennessee 38119
(901) 525-1322 Telephone
(901) 525-2389 Facsimile
Primary Email:        amathis@glankler.com

*Attorneys for Plaintiff Keya Turner*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on all parties via the Court's ECF System on this the 8th day of December, 2015.

By:     /s/ Andre B. Mathis

4840-1927-4028, v.  1