**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

KEYA TURNER                                                                                                PLAINTIFF

v.                                             No. 3:15CV00093 JLH

CITY OF WEST MEMPHIS                                                                        DEFENDANT

**OPINION AND ORDER**

Keya Turner brings this action against the City of West Memphis alleging claims for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101 *et seq.*  In addition to these civil rights claims, she alleges a claim under Arkansas common law for negligent hiring, training, supervision and retention.  She seeks compensatory and punitive damages against the City.  The City has filed a motion for partial judgment on the pleadings, arguing that it is immune from punitive damages and the common-law negligence claims.

Keya Turner has been employed by the City as a driver in the sanitation department since October of 2011.[1]  Leroy Turner is the superintendent of the sanitation department.  Arthur Jackson is the assistant superintendent of the department and is Keya Turner's direct supervisor.  According to the complaint, since the beginning of Keya Turner's employment, Leroy Turner has been sexually harassing her.  When Leroy Turner informed Keya Turner that she was not doing her job and she explained she completed her routes and other job requirements, Leroy Turner said that he hired her for himself not for the other duties.  On numerous occasions, Leroy Turner has kissed Keya Turner on her lips.  Leroy Turner has stated that he would rape Keya Turner and has regularly made other

---

[1] The facts are taken from the complaint.  Document #1.

sexual comments to her. In March of 2013, Keya Turner reported the sexual harassment to her immediate supervisor, Jackson.

In June of 2014, Keya Turner filed a charge of discrimination with the EEOC regarding Leroy Turner's actions. In her nearly three years of employment before filing her charge, Keya Turner had never received any discipline; but she was disciplined twice within two months after she filed the EEOC charge. In July of 2014 – one month after the City became aware of the charge – she was reprimanded for profanity, an offense for which no other employee has been disciplined. Then, in August 2014, she was suspended for tearing up a piece of paper.

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is reviewed under the same standards as Rule 12(b)(6) motions. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The court must accept as true all of the factual allegations contained in the complaint, *Twombly*, 550 U.S. at 572, 127 S. Ct. at 1975, and must draw all reasonable inferences in favor of the nonmoving party. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014). The complaint must contain more than labels, conclusions, or a formulaic recitation of the elements of a cause of action, which

means that the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965.

The City contends that it is immune from punitive damages. Keya Turner concedes that her claims for punitive damages must be dismissed. Document #18 at 1.

The City next contends that it is immune from claims based on the common-law tort of negligence, so the claim for negligent hiring, retention, supervision, and training must be dismissed as a matter of law. Document #17 at 4. In response, Keya Turner contends that her negligence claim falls within an exception to the City's immunity because it is brought in the context of a civil rights violation. Document #18 at 3-4.

Arkansas law immunizes cities from liability for common-law torts. Ark. Code Ann. § 21-9-301. Keya Turner cites to *Gentry v. Robinson*, 2009 Ark. 634, 361 S.W.3d 788, for her argument that this immunity is subject to an exception for claims that arise in the context of a civil rights violation. In *Gentry*, the plaintiff's negligence claims were dismissed on summary judgment by the circuit court based on the immunity provided by Ark. Code Ann. 21-9-301. 2009 Ark. at 6, 361 S.W.3d at 792. The circuit court noted that the complaint alleged a violation of the Arkansas Civil Rights Act and denied summary judgment on that claim. 2009 Ark. at 6-7, 361 S.W.3d at 792. On appeal, the defendant argued that he was entitled to summary judgment on the civil rights claims because the facts as pled failed to rise to the level of a constitutional violation. 2009 Ark. at 7, 361 S.W.3d at 792-93. Although the Arkansas Supreme Court stated that "in the context of an alleged civil-rights violation stemming from a municipal government's purported negligent hiring of an employee, a plaintiff must show that the municipality acted with deliberate indifference", the court was referring to claims under the Arkansas Civil Rights Act, not the common-law negligence claims

dismissed by the circuit court. 2009 Ark. at 11, 361 S.W.3d at 794. The Arkansas Supreme Court did not create a "deliberate indifference" exception to a city's immunity from common-law tort claims.

## CONCLUSION

The motion for partial judgment on the pleadings is GRANTED. Document #16. Keya Turner's claims for punitive damages and her claims that the City of West Memphis is liable for common-law negligence in the hiring, training, supervision, and retention of Leroy Turner and Arthur Jackson are dismissed with prejudice.

IT IS SO ORDERED this 14th day of December, 2015.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE